SLIP OPINION

Cite as 2014 Ark. App. 677

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-680

| | |
|---|---|
| JOSHUA MURPHREE<br><br>APPELLANT<br><br><br>V.<br><br><br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES AND K.M.,<br>MINOR CHILD<br><br>APPELLEES | **Opinion Delivered** December 3, 2014<br><br>APPEAL FROM THE SEBASTIAN<br>COUNTY CIRCUIT COURT, FORT<br>SMITH DISTRICT<br>[NO. JV-2012-713]<br><br>HONORABLE MARK HEWETT,<br>JUDGE<br><br>AFFIRMED; MOTION TO<br>WITHDRAW GRANTED |

**ROBERT J. GLADWIN, Chief Judge**

In this no-merit appeal, the Sebastian County Circuit Court terminated appellant Joshua Murphree's parental rights to his daughter, K.M., on May 16, 2014. Appellant filed a notice of appeal on May 30, 2014. Counsel for appellant filed a motion to withdraw as counsel on appeal and a no-merit brief pursuant to *Linker-Flores v. Ark. Dep't of Human Servs.*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i) (2014), listing the adverse rulings and explaining why there are no non-frivolous arguments to support an appeal. After being served by certified mail with the motion to withdraw and a copy of the no-merit brief, appellant did not file any pro-se points for reversal, and neither the Arkansas Department of Human Services (DHS) nor the attorney ad litem filed responsive briefs. We affirm the order terminating appellant's parental rights and grant counsel's motion to withdraw.

SLIP OPINION

In *Linker-Flores*, the supreme court described the procedure for withdrawing as counsel from a termination-of-parental-rights appeal:

> [A]ppointed counsel for an indigent parent on a first appeal from an order terminating parental rights may petition this court to withdraw as counsel if, after a conscientious review of the record, counsel can find no issue of arguable merit for appeal. Counsel's petition must be accompanied by a brief discussing any arguably meritorious issue for appeal. The indigent party must be provided with a copy of the brief and notified of his right to file points for reversal within thirty days. If this court determines, after a full examination of the record, that the appeal is frivolous, the court may grant counsel's motion and dismiss the appeal.

*Linker-Flores*, 359 Ark. at 141, 194 S.W.3d at 747–48. Subsequently, the supreme court elaborated on the appellate court's role in reviewing a petition to withdraw in a termination-of-parental-rights appeal, holding that, when the trial court has taken the prior record into consideration in its decision, a "conscientious review of the record" requires the appellate court to review all pleadings and testimony in the case on the question of the sufficiency of the evidence supporting the decision to terminate, and that only adverse rulings arising at the termination hearing need be addressed in the no-merit appeal from the prior orders in the case. *Lewis v. Ark. Dep't of Human Servs.*, 364 Ark. 243, 217 S.W.3d 788 (2005).

Termination-of-parental-rights cases are reviewed de novo. *Hune v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 543. Grounds for termination of parental rights must be proved by clear and convincing evidence, which is that degree of proof that will produce in the finder of fact a firm conviction of the allegation sought to be established. *Hughes v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 526. The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997).

In order to terminate parental rights, a trial court must find by clear and convincing evidence that termination is in the best interest of the juvenile, taking into consideration (1) the likelihood that the juvenile will be adopted if the termination petition is granted; and (2) the potential harm caused by returning the child to the custody of the parent, specifically addressing the effect on the health and safety of the child. Ark. Code Ann. § 9-27-341(b)(3)(A)(i) & (ii) (Supp. 2009). Additionally, the trial court must find by clear and convincing evidence that one or more statutory grounds for termination exists. Ark. Code Ann. § 9-27-341(b)(3)(B). However, proof of only one statutory ground is sufficient to terminate parental rights. *Gossett v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 240, 374 S.W.3d 205.

A seventy-two-hour hold was taken on K.M. on November 26, 2012, when she was born while her unmarried mother was being held by the Division of Youth Services.[1] Over the following year, K.M. was adjudicated dependent-neglected, and genetic testing was ordered to determine paternity. Appellant was found to be the child's biological father, and he did not participate in the case plan nor appear at the hearings until the fifteen-month-review hearing held on February 20, 2014, wherein the circuit court found that the goal of the case should be termination of parental rights and adoption.

At the hearing on the attorney ad litem's petition to terminate appellant's parental rights held on April 18, 2014, Lanessa Vincent, the DHS caseworker assigned to the case in

---

[1] K.M.'s mother, Savannah Melton, was born on December 23, 1995, and her parental rights were terminated along with appellant's rights. However, Ms. Melton's termination is not the subject of this appeal.

August 2013, testified that she had made referrals for appellant to obtain a drug-and-alcohol assessment and hair-follicle testing, neither of which he completed. She further testified that appellant did not submit to a psychological evaluation, parenting classes, or counseling, all of which had been referred for him. Appellant tested positive on March 11, 2014, for amphetamines and methamphetamines. Appellant visited with the child only sporadically since her birth and had not visited since November 2013. Vincent also testified that K.M. was adoptable, as she was a "happy, healthy, beautiful little girl."

The circuit court found that appellant did not have stable or appropriate housing, transportation, or employment; that appellant had recently moved to Little Rock for work and had numerous jobs over the previous year; and that he had recently obtained transportation, but did not have auto insurance. The circuit court found that appellant had not made significant and measurable progress on the case plan and that there was little likelihood that he would do so in a reasonable period of time as viewed from the child's perspective. The circuit court also found that the child had been adjudicated dependent-neglected and had continued out of the custody of the parent for twelve months; appellant willfully failed to provide significant material support in accordance with his means; the child was adoptable; and it was in her best interest to terminate appellant's parental rights. The order terminating parental rights was filed on May 16, 2014, and this appeal timely followed.

Counsel contends that this appeal is without merit. After carefully examining the record and the brief presented to us, we conclude that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in termination

cases and that the appeal is wholly without merit.[2] Accordingly, we affirm the order terminating appellant's parental rights in K.M. Counsel's motion to withdraw is granted.

Affirmed; motion to withdraw granted.

WALMSLEY and VAUGHT, JJ., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, for appellant.

No response.

---

[2]In dependency-neglect cases, if, after studying the record and researching the law, appellant's counsel determines that appellant has no meritorious basis for appeal, then counsel may file a no-merit petition and move to withdraw. The petition must include an argument section listing all adverse rulings to the appellant made by the circuit court on all objections, motions, and requests made by the party at the hearing from which the appeal arose and explaining why each adverse ruling is not a meritorious ground for reversal. The petition must also include an abstract and addendum containing all rulings adverse to the appellant made at the hearing from which the order on appeal arose. Ark. Sup. Ct. R. 6-9(i).